

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

MR. ANTHONY BRADLEY,                    :
                                        :    Civil Action No. 12-5885 (SRC)
                    Plaintiff,          :
                                        :
         v.                             :    **MEMORANDUM OPINION**
                                        :
ROBERT MERGUCZ, et al.,                 :
                                        :
                    Defendants.         :


**APPEARANCES:**

Plaintiff <u>pro se</u>
Anthony R. Bradley
Hudson County Correctional Center
Kearny, NJ 07032

**CHESLER,** District Judge

       Plaintiff Anthony R. Bradley, a pre-trial detainee confined

at Hudson County Correctional Center in Kearny, New Jersey, has

submitted a document which was docketed as a complaint asserting

claims arising out of events occurring on May 4, 2012.[1]

Plaintiff has neither prepaid the filing fee nor submitted an

application for leave to proceed <u>in forma pauperis</u>.

       Civil actions brought <u>in forma pauperis</u> are governed by 28

U.S.C. § 1915.  The Prison Litigation Reform Act of 1995, Pub. L.

No. 104-135, 110 Stat. 1321 (April 26, 1996) (the "PLRA"), which

amends 28 U.S.C. § 1915, establishes certain financial

_____

       [1] It is not clear whether Plaintiff intended to file a
complaint or is sending this Court copies of documents submitted
to a state court.  This Court will construe the documents
liberally, as did the Clerk, as a proposed complaint to be filed
in this Court.

requirements for prisoners who are attempting to bring a civil
action or file an appeal in forma pauperis.

Under the PLRA, a prisoner seeking to bring a civil action
in forma pauperis must submit an affidavit, including a statement
of all assets and liabilities, which states that the prisoner is
unable to pay the fee.  28 U.S.C. § 1915(a)(1).  The prisoner
also must submit a certified copy of his inmate trust fund
account statement(s) for the six-month period immediately
preceding the filing of his complaint.  28 U.S.C. § 1915(a)(2).
The prisoner must obtain this certified statement from the
appropriate official of each correctional facility at which he
was or is confined during such six-month period.  Id.

Even if the prisoner is granted in forma pauperis status,
the prisoner must pay the full amount of the $350 filing fee in
installments.  28 U.S.C. § 1915(b)(1).  In each month that the
amount in the prisoner's account exceeds $10.00, until the
$350.00 filing fee is paid, the agency having custody of the
prisoner shall assess, deduct from the prisoner's account, and
forward to the Clerk of the Court an installment payment equal to
20 % of the preceding month's income credited to the prisoner's
account.  28 U.S.C. § 1915(b)(2).

Plaintiff may not have known when he submitted his complaint
that he must pay the filing fee, and that even if the full filing
fee, or any part of it, has been paid, the Court must dismiss the

case if it finds that the action: (1) is frivolous or malicious; (2) fails to state a claim upon which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B) (in forma pauperis actions).  See also 28 U.S.C. § 1915A (dismissal of actions in which prisoner seeks redress from a governmental defendant); 42 U.S.C. § 1997e (dismissal of prisoner actions brought with respect to prison conditions).  If the Court dismisses the case for any of these reasons, the PLRA does not suspend installment payments of the filing fee or permit the prisoner to get back the filing fee, or any part of it, that has already been paid.

If the prisoner has, on three or more prior occasions while incarcerated, brought in federal court an action or appeal that was dismissed on the grounds that it was frivolous or malicious, or that it failed to state a claim upon which relief may be granted, he cannot bring another action in forma pauperis unless he is in imminent danger of serious physical injury.  28 U.S.C. § 1915(g).

In this action, Plaintiff failed either to prepay the filing fee or to submit a complete in forma pauperis application as required by 28 U.S.C. § 1915(a)(1), (2), including a certified institutional account statement.  See, e.g., Tyson v. Youth Ventures, L.L.C., 42 Fed.Appx. 221 (10th Cir. 2002); Johnson v. United States, 79 Fed.Cl. 769 (2007).

3

The allegations of the Complaint do not suggest that Plaintiff is in imminent danger of serious physical injury.

In addition, the submission fails to comply with the requirements of Rule 8(a) of the Federal Rules of Civil Procedure, setting forth the general rules of pleading a claim for relief.  For example, Plaintiff's submission fails clearly to identify the defendants, the claims against each of them, the facts out of which those claims arise, and the requested relief.

CONCLUSION

For the reasons set forth above, the Clerk of the Court will be ordered to administratively terminate this action, without filing the complaint or assessing a filing fee.  Plaintiff will be granted leave to apply to re-open within 30 days by satisfying the filing fee requirements and submitting an amended complaint setting forth his claims.[2]

An appropriate Order follows.

Stanley R. Chesler
United States District Judge

Dated: 9/28/12

---

[2] Such an administrative termination is not a "dismissal" for purposes of the statute of limitations, and if the case is reopened pursuant to the terms of the accompanying Order, it is not subject to the statute of limitations time bar if it was originally filed timely.  See Houston v. Lack, 487 U.S. 266 (1988) (prisoner mailbox rule); McDowell v. Delaware State Police, 88 F.3d 188, 191 (3d Cir. 1996); see also Williams-Guice v. Board of Education, 45 F.3d 161, 163 (7th Cir. 1995).