NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| MR. ANTHONY R. BRADLEY, | Civil Action No. 12-5885 (SRC) |
| Plaintiff, | |
| v. | **OPINION** |
| ROBERT MERGUCZ, et al., | |
| Defendants. | |

**APPEARANCES:**

Anthony R. Bradley
Hudson County Correctional Center
35 Hackensack Avenue
Kearny, NJ  07032
    Plaintiff pro se

**CHESLER,** District Judge

    Plaintiff Anthony R. Bradley, a prisoner confined at Hudson County Correctional Center in Kearny, New Jersey, seeks to bring this action in forma pauperis pursuant to 42 U.S.C. § 1983, alleging violations of his constitutional rights.[1]

---

[1]     This Court previously administratively terminated this matter based upon Plaintiff's failure to submit a complaint which complied with the pleading requirements of Fed.R.Civ.P. 8 and his failure to submit the certified institutional account statements required by 28 U.S.C. § 1915(b).  Plaintiff has now submitted a proper Complaint [4] and a complete application for leave to proceed in forma pauperis.  Based on his affidavit of indigence and the absence of three qualifying dismissals within 28 U.S.C. § 1915(g), the Court will grant Plaintiff's application to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a) and will order the Clerk of the Court to file the Complaint.

At this time, the Court must review the Complaint to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief.

## I.  BACKGROUND

The following factual allegations are taken from Plaintiff's Complaint and are accepted as true for purposes of this review.

Plaintiff alleges that on May 4, 2012, at approximately 4:00 A.M., the three defendants, Robert Mergucz, Tony Lee, and Michael Curtis, assaulted Plaintiff with closed fists and kicking, causing him severe and permanent injuries to his hearing and vision.  Plaintiff further alleges that this assault took place in the area of the defendants' residence at 48 Randolph Avenue in Jersey City, New Jersey.  Plaintiff seeks compensatory and punitive damages as well as the dismissal of criminal charges filed against him by these three individuals.

## II.  ANALYSIS

Federal Rule of Civil Procedure 8(a) requires the plaintiff in a federal action to set forth "a short and plain statement of the grounds upon which the court's jurisdiction depends." Federal courts are courts of limited jurisdiction and are bound to determine whether they have jurisdiction even if none of the parties to an action have challenged the asserted bases therefor. Gonzalez v. Thaler, 132 S.Ct. 641, 648 (2012); Grupo Dataflux v.Atlas Global Group, L.P., 541 U.S. 567, 593 (2004) (in dissent, collecting cases); Packard v. Provident National Bank, 994 F.2d 1039, 1049 (3d Cir.), cert. denied sub nom. Upp v. Mellon Bank, N.A., 510 U.S. 964 (1993). Indeed, "a plaintiff, suing in a federal court, must show in his pleading, affirmatively and distinctly, the existence of whatever is essential to federal jurisdiction, and, if he does not do so, the court ...  must dismiss the case, unless the defect be corrected by amendment."  Smith v.

McCullough, 270 U.S. 456, 459 (1926), quoted in Drexel University v. Obado, Civil Action No. 13-3052, 2013 WL 2480317, *1 (D.N.J. June 10, 2013).  A court can take no measures to rectify a want of jurisdiction, because the lack of jurisdiction itself precludes asserting judicial power.  See First American Nat'l Bank v. Straight Creek Processing Co., 756 F. Supp. 945 (E.D. Va. 1991) (where diversity of parties is incomplete, court has no jurisdiction to consider plaintiff's motion to dismiss non-diverse defendants; rather, court must dismiss action for lack of jurisdiction).  As explained more fully below, this Complaint does not meet the requirements either for federal-question jurisdiction under 28 U.S.C. § 1331 or for diversity jurisdiction under 28 U.S.C. § 1332.

A.      28 U.S.C. § 1331

Pursuant to 28 U.S.C. § 1331, Congress has established jurisdiction in the federal district courts over "all civil actions arising under the Constitution, laws, or treaties of the United States."  Although Plaintiff asserts that his claim arises under 42 U.S.C. § 1983, thus invoking § 1331 federal-question jurisdiction, the facts pleaded reveal no claim arising under § 1983.

More specifically, Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress ... .

Thus, to state a claim for relief under § 1983, a plaintiff must allege, first, the violation of a right secured by the Constitution or laws of the United States and, second, that the alleged deprivation was committed or caused by a person acting under color of state law.  West v. Atkins, 487 U.S. 42, 48 (1988); Piecknick v. Pennsylvania, 36 F.3d 1250, 1255-56 (3d Cir. 1994).

3

As an initial matter, the basis of Plaintiff's action is that the defendants assaulted him, a tort under state law. This does not state a claim for a violation of a right secured by the Constitution or laws of the United States.

In addition, "the under-color-of-state-law element of § 1983 excludes from its reach 'merely private conduct, no matter how discriminatory or wrongful.'" American Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 50 (1999) (citations omitted), quoted in Bates v. Paul Kimball Hosp., 346 F.App'x 883, 887 (3d Cir. 2009). Although "the deed of an ostensibly private organization or individual is to be treated sometimes as if a State has caused it to be performed," Brentwood Academy v. Tennessee Secondary Sch. Athletic Ass'n, 531 U.S. 288, 295 (2001), "state action may be found if, though only if, there is such a 'close nexus between the State and the challenged action' that seemingly private behavior 'may be fairly treated as that of the State itself.'" Id. (quoting Jackson v. Metropolitan Edison Co., 419 U.S. 345, 351 (1974) (footnote omitted)).[2] Here, Plaintiff alleges no facts that would permit this Court to find that the individual defendants were acting under color of state law when they allegedly assaulted Plaintiff.

Thus, the facts as alleged do not support this Court in exercising jurisdiction over this action under § 1331.

---

[2] As the Third Circuit has explained, "there is no 'simple line' between state and private actors…." Kach v. Hose, 589 F.3d 626, 646 (3d Cir. 2009). Generally, however, the circuit has outlined three broad tests, gleaned from Supreme Court jurisprudence, that help courts determine if there is a close nexus between the State and the challenged action. These tests ask:

> (1) whether the private entity has exercised powers that are traditionally the exclusive prerogative of the state; (2) whether the private party has acted with the help of or in concert with state officials; and (3) whether the state has so far insinuated itself into a position of interdependence with the acting party that it must be recognized as a joint participant in the challenged activity.

Id. (internal citations and alterations omitted).

4

B.  28 U.S.C. § 1332

Although Plaintiff does not allege jurisdiction based upon diversity of citizenship under 28 U.S.C. § 1332; this Court will consider whether it can exercise jurisdiction under that provision.

Section 1332 can provide jurisdiction over state-law civil actions if, in the provision pertinent here, the matter in controversy exceeds the sum or value of $75,000,[3] exclusive of interest and costs, and is between "citizens of different States." It has long been recognized that, to found jurisdiction upon § 1332, there must be complete diversity among all parties, i.e., each plaintiff must be a citizen of a different state from each defendant. Owen Equipment and Erection Co. v. Kroger, 437 U.S. 365, 373-74 (1978); Grand Union Supermarkets of the V.I., Inc. v. H.E. Lockhart Mgmt, Inc., 316 F.3d 408, 410 (3d Cir. 2003).

A plaintiff, as the party asserting diversity jurisdiction, "must specifically allege each party's citizenship, and these allegations must show that the plaintiff and defendant are citizens of different states." American Motorists Ins. Co. v. American Employers' Ins. Co., 600 F.2d 15, 16 (5th Cir. 1979); see also Universal Reinsurance Co., Ltd. v. St. Paul Fire & Marine Ins. Co., 224 F.3d 139, 141 (2d Cir. 2000) ("The failure to allege [the party's] citizenship in a particular state is fatal to diversity jurisdiction"). See Gay v. Unlever Trumbull, C.T., Civil Action No. 11-5929, 2013 WL 2338604, *3 (D.N.J. May 28, 2013) (citing American Motorists Ins. and Universal Reinsurance).

Specifically with respect to individuals,

> For purposes of determining diversity, state citizenship is equated with domicile. Domicile, however, is not necessarily synonymous with residence; one can reside in one place and be domiciled in another. Residence and an intent to make the place of residence one's home are required for citizenship and to establish a new

---

[3] Plaintiff asserts damages in excess of the $75,000 jurisdictional amount.

>domicile. Although the analysis is necessarily case specific, courts have looked to certain factors, including state of employment, voting, taxes, driver's license, bank accounts and assets, and civic and religious associations in determining the citizenship of an individual. ...

McCracken v. Murphy, 328 F.Supp.2d 530, 532 (E.D. Pa. 2004) (citations omitted), aff'd, 129 F.App'x 701 (3d Cir. 2005). "For inmates, citizenship for diversity purposes is the state in which the inmate was domiciled prior to incarceration, unless the inmate plans to live elsewhere when he is released in which event citizenship would be that state." McCracken, 328 F.Supp.2d at 532 (citing Flanagan v. Shively, 783 F.Supp. 922, 935 (E.D. Pa.), aff'd, 980 F.2d 722 (3d Cir. 1992)). Plaintiff has alleged no facts regarding his own citizenship, as the only address he has provided is that of the Hudson County Correctional Center. The fact of incarceration in New Jersey is not sufficient, of itself, to establish citizenship in New Jersey. To the extent Plaintiff is a citizen of New Jersey, however, his citizenship would not be diverse from those of the defendants, who are all alleged to be residents of Jersey City, New Jersey.

The Court is mindful that Plaintiff appears here pro se and therefore the complaint is to be held to less stringent standards than formal pleadings drafted by lawyers. Haines v. Kerner, 404 U.S. 519 (1972). Nonetheless, the Court can discern no basis for asserting jurisdiction over this action.

III.  CONCLUSION

For the reasons set forth above, the Complaint will be dismissed without prejudice for lack of jurisdiction.  However, because it is conceivable that Plaintiff may be able to supplement his pleading with facts sufficient to establish jurisdiction, the Court will grant Plaintiff leave to file an application to re-open accompanied by a proposed amended complaint clearly asserting facts establishing jurisdiction in this Court.[4]

An appropriate order follows.

    s/ Stanley R. Chesler
STANLEY R. CHESLER
United States District Judge

Dated:  April 22, 2014

---

[4] Plaintiff should note that when an amended complaint is filed, it supersedes the original and renders it of no legal effect, unless the amended complaint specifically refers to or adopts the earlier pleading.  See West Run Student Housing Associates, LLC v. Huntington National Bank, No. 12-2430, 2013 WL 1338986, *5 (3d Cir. April 4, 2013) (collecting cases).  See also 6 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1476 (3d ed. 2008).  To avoid confusion, the safer practice is to submit an amended complaint that is complete in itself.  Id.